# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

## Clerk's Minutes

**Before the Honorable Chief Judge William P. Johnson**

**Case No.:** CR 18-4175 WJ        **Date:** November 5, 2019

**Parties:** USA v. Janes Carey

**Courtroom Clerk:** R. Garcia        **Court Reporter:** M. Loughran

**Interpreter:** N/A

**Type of Proceeding**: Telephonic Status/Scheduling Conference

**Place of Court:** Albuquerque

**Total time in Court:** 18 minutes

**Evidentiary Hearing:** No

**Attorneys Present for Plaintiff(s):**         **Attorneys Present for Defendant(s):**

Sarah Mease                                    Joe Romero

**Proceedings:**

9:16    Court in telephonic session; counsel enter appearances; Defendant not present.

Ced    The Court inquires if Mr. Romero will be asking for recusal.

Mr. Romero advises he will be asking this Court to recuse itself on behalf of his client's request.

The Court inquires about the Government's position.

Ms. Mease advises the Government takes no position; notes she has filed a Notice of Potential Conflict re some of the case law; leaves it to the discretion of the Court.

The Court discusses come case law re the subject; notes recusal surfaced after sentencing; therefore, the court entered the Judgment; notes the Marshals try to get Defendants designated and get them out of the District, and that may happen soon; inquires if the Defendant is in solitary confinement.

Mr. Romero advises has met with his client and will meet with him again; notes his client is in isolation, or

lockdown.

Ms. Mesas advises the Defendant has been moved out of solitary within the last day or two.

Mr. Romero notes that news to him based on his prior conversation and meeting with his client; notes he is new to the case; notes the only reason his client is still here is because there is an outstanding restitution issue which his client contests; also, advises his client denies creating any issue and denies threatening anyone; notes the issue re a threat has been transferred out of district; will be meeting with his client again on Friday and will determine if he is willing to waive his appearance on the issue of restitution and then there will be no reason to hold him here in NM; notes the only reason his client requested recusal was because of his concerns that the alleged threat may affect your decision re restitution.

The Court appreciates that; notes the Defendant has right to contest the amount, but not the applicability of the Mandatory Restitution Act; Mr. Romero understands and will advise his client.

The Court anticipate the Marshal moving the Defendant sooner rather than later and not a situation where they will wait 90 or 120 days; given the charges of conviction, it would be in the Defendant best interest to not remain in a local contract facility, but to begin serving his sentence in a BOP facility; inquires if the Defendant has the right to be present at a restitution hearing.

Ms. Mease believes he does and that it's part of the sentencing.

The Court notes another option is for Defendant to be present by phone or video conference.

Mr. Romero will discuss those option with his client; but, agrees with Ms. Mease about his client being present; notes another option would for his client to be transported to BOP and then brought back.

The Court notes that's a huge expenditure of resources; notes since it appears the parties agree that the Defendant has a right to be present, the Court will ask Mr. Romero to determine if his client wishes to be present, in which case, the Court will alert the Marshal to keep his client in the District until restitution is resolved.

Ms. Mease notes the Government was granted a 90 day extension to brief the restitution issue, but does not believe it will take that long and believe she will have something file by the end of the month.

The Court will alert the Marshal the Defendant has a right to be present and if they want to get him out of the District, they may have to bring him back unless he waives his right to be present; directs Mr. Romero to speak to his client to determine what he wants to do and file a sealed pleading indicating his client

wishes to be present, or he waives his presence and will do it by phone or video conference; Mr. Romero will do so.

The Court notes we'll take from there; in the mean-time the Court asks Mr. Romero to file any recusal request under seal so as to make a record; notes that, if the Court's recuses, the restitution issue will probably go out of District; notes that if Government gets its request for restitution in within 90 days, it does not mean it has to be heard within 90 days; notes, given the nature of the case, the mandatory restitution and lengthy sentence imposed, parties will stipulate to a restitution amount.

Ms. Mease notes for the benefit of Mr. Romero, that she has often stipulated to restitution and sometimes had situations where Defendant has given their attorney authority to agree to restitution up to a certain amount and then waives their appearance; advises she does not anticipate an enormous request; will cover counseling and like related expenses; advises restitution will only reflect conduct in this case and will not be increased due to any alleged conduct.

The Court asks if the alleged conduct was given to another U.S. Attorney's office?

Ms. Mease advises the District of Colorado will be handling it now.

The Court asks Mr. Romero to advise his client the matter has been sent out of the District; Mr. Romero will do so; notes that, as far as the restitution amount Ms. Mease will be requesting, her office is not involved in the allegations that have surfaced; anything else from counsel?

Nothing from Mr. Romero.

Noting from Ms. Mease.

The Court, again, asks Mr. Romero if he can determine whether his client wishes to be present so it can notify the Marshal to hold off on transport; asks Mr. Romero to advise his client that, if the Court recuses, there is a process involved in the Circuit designating an out of district judge and that Judge will have to fit a this matter into their schedule and that may mean his client will remain in this District for long while.

9:34    Court in recess.