IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 18-04175 WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| **JAMES CAREY**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' UNOPPOSED MOTION FOR ENTRY OF RESTITUTION ORDER

The United States respectfully requests that the Court enter a restitution order in the above cause, pursuant to 18 U.S.C. § 2259. In support of this motion, the United States provides the following:

## PROCEDURAL STATEMENT

1.      On December 19, 2018, a federal grand jury returned an indictment alleging two counts of Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), (e), and 2256 (Counts 1 and 2); and one count of Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) (Count 3). Doc. 2.

2.      On June 12, 2019, Defendant entered a guilty plea, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to Counts 1 and 2 of the indictment. Doc. 27. Defendant stipulated to a sentencing range of 17 to 25 years' incarceration. *Id.* As part of the plea agreement, the United States agreed to dismiss Count 3. *Id.*

3.      Defendant appeared for sentencing on September 16, 2019. The Court imposed a

1

sentence of 25 years' incarceration, followed by 20 years of supervised release. Following the United States request, the Court authorized a 30-day extension in order for the parties to finalize restitution.

4.       At the United States request, the Court extended the 30-day extension for entry of the restitution order for an additional 60 days. Docs. 42, 45, 47; *see also United States v. Dolan*, 571 F.3d 1022 (10th Cir. 2009) (the 90-day deadline is "not a jurisdictional limit on the district court's authority to order restitution."). As such, the United States' restitution request is presently due January 16, 2020. *See* Doc. 47.

## LEGAL STANDARD

Section 2259 of the criminal code, titled "Mandatory restitution," requires a court to order restitution for the victims of sexually exploitive crimes committed against children. 18 U.S.C. § 2259. The statute mandates that the order will direct the defendant to pay the "the full amount of the victim's losses as determined by the court." *Id*. at § 2259(b)(1). The term "victim" is defined by the Act as

> the individual harmed as a result of a commission of a crime under this chapter, *including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim* or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named as such representative or guardian.

18 U.S.C. § 2259(c) (emphasis added). Compensable losses include "medical services related to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; attorney's fees, as well as other costs incurred; and any other losses suffered by the victim as a proximate result of the offense." *Id*. at § 2259(b)(3)(A)-(F). The court is prohibited from declining to issue

2

a restitution order because of a defendant's economic circumstances, or because the victim will receive compensation from some other source such as insurance. *Id*. at § 2259(b)(4)(B)(ii).

## DISCUSSION

There can be no dispute that the two minor victims, Jane Doe 1 and Jane Doe 2 are victims within the meaning of the statute or that their losses are directly and proximately caused by Defendant's sexual abuse. This case involves the actual abuser and producer of the child pornography. Proximate cause is generally at issue when the defendant is one of many end-users (as opposed to the producer), and it is not clear that the defendant's conduct is either a but-for or proximate cause of the victim's loss. In those cases, causation may be difficult to determine because of the hundreds or thousands of other end-users contributing to the victims suffering. *See United States v. Paroline,* 572 U.S. 434, 134 S.Ct. 1710, 1722-23 (2014). Here, Jane Does 1 and 2 are the victim-subjects of the pornography. Defendant's conduct and offenses certainly caused the mental trauma for which these victims have sought and will continue to seek treatment. Therefore, § 2259 mandates that a restitution award be made.

In determining the amount of restitution to be ordered, it is difficult to quantify the loss sustained by these minor victims. The statute, however, mandates that the defendant pay the "full amount" of "any costs . . . for physical, psychiatric, or psychological care." 18 U.S.C. § 2259(b). Additionally, the Sixth Circuit and other circuits have recognized that "[s]ection 2259 is phrased in generous terms, in order to compensate the victims of sexual abuse for the care required to address the long term effects of their abuse." *United States v. Evers*, 669 F.3d 645, 656 (6th Cir. 2012) (quoting *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999)).

Here, both Jane Doe 1 and Jane Doe 2 will require years of continuing therapy and counseling. *See e.g.,* Victoria L. Banyard et al., *The long-term mental health consequences of*

*child sexual abuse: An exploratory study of the impact of multiple traumas in a sample of women*, 14 Journal of Traumatic Stress 697, 697 (2001) ("[c]hild sexual abuse victims reported a lifetime history of more exposure to various traumas and higher levels of mental health symptoms"); Annmarie McDonagh-Coyle et al., *Psychophysiological reactivity in female sexual abuse survivors*. 14 Journal of Traumatic Stress 667, 681 (2001) (victims experience physiological reactions associated with reminders of the abuse and trauma). In addition to the counseling needs, Jane Doe 1's mother experienced lost wages in order to care for her daughter following disclosure of the sexual abuse. Following significant lost time at work, Jane Doe 1's mother had to change jobs as a result of the as a result of this offense. With respect to Jane Doe 2, her mother has declined to submit a restitution request based on her representation that Jane Doe 2 will benefit from her mother's receipt of Defendant's benefits. This representation, however, should not preclude Jane Doe 2 from a restitution order in this case.[1]

The therapy expenses for both victims, and the lost wages for Jane Doe 1's mother clearly fall under the category of victims' losses, as outlined in 18 U.S.C. § 2259(b)(3)(A)-(F). Under a conservative estimate of the total cost of those expenses, the United States requests that the Court impose a restitution order in the total amount of $55,460.80, apportioned as follows:

> Jane Doe 1
> **Therapy Expenses**: $100 per session; attending every other week for 10 years: $26,000
> **Lost Income**: $21.63/hour, 40 hours/week, 4 weeks of lost income: $3,460.80
> **TOTAL**: $29,460.80
>
> Jane Doe 2
> **Therapy Expenses**: $100 per session; attending every other week for 10 years: $26,000
> **TOTAL**: $26,000

---

[1] Indeed, the Fourth Circuit has explained that a victim need not participate in any phase of the restitution process, so long as the government meets its burden. *See United States v. Aman*, 616 Fed.Appx. 612, 614 (4th Cir. 2015) (citing 18 U.S.C. § 3664(g)(1)).

The United States contacted counsel for Defendant, Joe M. Romero, Jr., regarding the present motion. Defendant is not opposed to entry of a restitution order as outlined in this motion.

## CONCLUSION

The United States requests the Court issue an order of restitution in this case, pursuant to 18 U.S.C. § 2259, in the amount of $29,460.80 for Jane Doe 1, and $26,000 for Jane Doe 2, for a total amount of $55,460.80 in restitution.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

***Electronically filed January 22, 2020***
SARAH J. MEASE
EVA FONTANEZ
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87102
(505) 346-7472

I HEREBY CERTIFY that the foregoing pleading
was electronically filed, which caused counsel
of record to be served by electronic means.

 /s/
SARAH J. MEASE